IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MOREHEI K. PIERCE,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | 8:25CV586<br><br><br>ORDER |

    This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application for Supplemental Social Security Income benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Plaintiff claims that a combination of schizophrenia, congestive heart failure, and back, neck, and arm injuries prevent him from being able to work. (Filing No. 1 at p. 5).

    Presently before the court is Plaintiff's motion requesting appointment of counsel, in which Plaintiff states:

1. He has filed a civil rights complaint for supplemental social security income in the United States District Court for the District of Nebraska;
2. The assistance of an attorney is necessary to effectively represent him in this matter; and,
3. Because of his poverty he is not financially able to pay an attorney to represent him.

(Filing No. 6).

    "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to

1

afford counsel." "The [district] court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). Those factors are not exclusive, and the court may consider other issues. *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 891 (8th Cir. 2020) (reversing the district court's denial of a motion to appoint counsel after finding that the plaintiff presented "a serious claim" and "the case otherwise cannot proceed to a timely decision on the merits" without the assistance of counsel).

Plaintiff's motion in this case contains little detail regarding the factors to be considered by the court, however "[m]ost plaintiffs in social security cases experience little difficulty in obtaining representation if they seek it." *Cameron L. v. Saul*, No. 8:20CV440, 2021 WL 808573, at *2 (D. Neb. Mar. 3, 2021). Upon request, the Social Security Administration generally provides the plaintiff with a list of attorneys in the area willing to take these types of cases. *Id.* Additionally, because the Equal Access to Justice Act, 28 U.S.C. § 2412, et seq., provides for the recovery of attorney fees to a prevailing plaintiff, the attorney is assured of payment if the claim is successful.

Under the provisions of the General Order 2022-13 (Filing No. 3), the Commissioner will file a response to the complaint and a certified administrative record within 60 days of receiving notice of the action and Plaintiff is required to file a motion for an order reversing the Commissioner's decision with a supporting brief 30 days after the filing of the administrative record. The court is willing to extend Plaintiff's deadline at their request to provide additional time to obtain counsel. If Plaintiff is unable to obtain counsel within a reasonable time, despite making good faith efforts, they may file another motion for appointment of counsel and document their efforts by providing the court with: (1) the

lawyers' names; (2) their addresses; (3) a description of how and when the plaintiff contacted each lawyer; and (4) the lawyers' responses. See, e.g., *Cameron L., supra,* citing *Nelson v. Saul*, No. 19-CV-1387-BHL, 2020 WL 6063497, at *3 (E.D. Wis. Oct. 14, 2020) (requiring plaintiff in Social Security appeal to show his good faith efforts to obtain counsel). The court would expect Plaintiff to contact no less than 3 attorneys who are experienced in handling Social Security appeals.

IT IS ORDERED: Plaintiff's motion to appoint counsel (Filing No. 6) is denied without prejudice to reassertion. The Clerk shall mail a copy of this order to Plaintiff at their address of record.

Dated this 31st day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge