IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MOREHEI K. PIERCE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | 8:25CV586<br><br><br>ORDER |

　　　This matter is before the undersigned on Plaintiff's "response" filed on December 3, 2025. (Filing No. 16). The court construes the document as a renewed motion to appoint counsel, which that request was previously denied in Filing No. 7. In its prior order, dated October 31, 2025, the court noted its expectation that Plaintiff would contact no less than 3 attorneys who are experienced in handling Social Security appeals.

　　　Plaintiff now states that he contacted over three attorneys, but he does not identify the attorneys or when they were contacted. Plaintiff only included with his response one letter dated September 23, 2025, from attorney Sean Cuddigan declining representation. (Filing No. 16 at p. 2). But upon close review, it appears there may have been some miscommunication with prospective counsel concerning the scope of the requested representation. Specifically, the letter attached states the contacted firm is unable to assist with applications for disability, but would be willing to evaluate the case again if an application were denied. The record indicates that Plaintiff has applied for disability benefits and the application has already been denied.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The court must also consider very carefully the use of public funds in these matters. It is Plaintiff's obligation to make efforts to obtain counsel on his own behalf before the court will consider doing it for him.

Social Security cases are governed by the General Order ([Filing No. 3](#)), which sets deadlines for filing motions to reverse and to affirm the commissioner's decision based upon the date of filing of the Commissioner's Answer and the Administrative Record. It appears the Administrative Record in this matter was filed on November 21, 2025. Plaintiff's motion reversing the Commissioner's decision, with a supporting brief as required by the General Order, is accordingly due 30-days thereafter, or on or before December 22, 2025. The parties are expected to comply with the deadlines set forth in the General Order at all times. Should a timely motion to extend be filed, the court is open to a reasonable extension of time for Plaintiff's response given the ongoing efforts to obtain counsel.

IT IS ORDERED: Plaintiff's motion for reconsideration is denied and Plaintiff shall make additional efforts to obtain counsel on his own behalf.

Dated this 10th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge